UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA TAYLOR,

    Petitioner,

v.                                      CAUSE NO. 3:18-CV-930 DRL-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Joshua Taylor, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-18-3-720) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of disorderly conduct in violation of Indiana Department of Correction Offense 236. Following a disciplinary hearing, he was sanctioned with a loss of forty days earned credit time and a demotion in credit class.

Mr. Taylor argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence to support a finding of guilt. He contends that the conduct report did not identify another inmate by name and did not provide a time and that he did not have notice that being out of place would subject him to discipline for the offense of disorderly conduct.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although

> some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental regulations define disorderly conduct as "conduct which disrupts the security of the facility or other area in which the offender is located." ECF 9-10. The administrative record includes a conduct report in which a correctional officer stated that he saw Mr. Taylor enter a housing unit with the apparent purpose of meeting another inmate after correctional staff had prevented him from entering the same housing unit earlier that evening. ECF 9-1. The correctional officer reasonably concluded that this unauthorized entry "directly affected the safety and security" of the facility. The record also contains a video recording consistent with this report. ECF 12. The conduct report and video recording constitute some evidence that Mr. Taylor engaged in disorderly conduct. Therefore, the argument that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Mr. Taylor argues that he is entitled to habeas relief because the hearing officer denied his request to crossexamine Officer Michael. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). By contrast, "[c]onfrontation and cross-examination present greater hazards to institutional interests," and "adequate bases for decision in prison disciplinary cases can be arrived at without cross-examination." *Id.* at 567-68. Because there is no right to crossexamination in the prison disciplinary context,

the claim that the hearing officer refused to allow him to crossexamine Officer Michael is not a basis for habeas relief.

Mr. Taylor argues that he is entitled to habeas relief because he was not provided with the summary of the video recording until the day of the hearing. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. This notice must be given no less than twenty-four hours before the hearing. *Id.* Mr. Taylor received a copy of the conduct report notifying him of the disorderly conduct charge twelve days before the hearing. ECF 9-1. Therefore, the claim that he received inadequate notice is not a basis for habeas relief.

Mr. Taylor argues that he did not have an impartial decisionmaker because the hearing officer did not provide a favorable witness statement for another disciplinary hearing and refused to allow another hearing officer to conduct the hearing. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decisionmaker in the case. *Id.* The hearing officer was not involved in the underlying incident, and the circumstances described by Mr. Taylor are insufficient to cast doubt on the hearing officer's impartiality. As a result, the claim of improper bias is not a basis for habeas relief.

Because Mr. Taylor has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Mr. Taylor wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Joshua Taylor leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

February 4, 2021                              *s/ Damon R. Leichty*
                                              Judge, United States District Court